# United States District Court

__WESTERN__ DISTRICT OF __PENNSYLVANIA__

UNITED STATES OF AMERICA

V.

VITALIANO GARCIA-NAVARETTE
a/k/a Javier Garcia-Diego

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __February 19, 2007__ in __Mercer__ county, in the __Western__ District of __Pennsylvania__ defendant(s) (Track Statutory Language of Offense)

is an alien who was removed from the United States on or about February 7, 2007, at Sonoita, Arizona, and thereafter was found in the United States on February 19, 2007, in Mercer County, Pennsylvania, Western District of Pennsylvania, having not obtained the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security for re-application for admission into the United States,

in violation of Title __8__ United States Code, Section(s) __1326(a)__.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

__February 26, 2007__                                at __Pittsburgh, Pennsylvania__
Date                                                    City and State

FRANCIS X. CAIAZZA, Chief U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Magistrate No. 07-63M

**AFFIDAVIT FOR CRIMINAL COMPLAINT**

I, Martin Ryan, being duly sworn, do hereby state the following:

1. I am a Special Agent with United States Immigration and Customs Enforcement (ICE) in Pittsburgh, Pennsylvania, and, including my time of service as a U.S. Border Patrol Agent, have been so employed for approximately seven years. As a Special Agent, my duties include the investigation and apprehension of aliens who are in the United States illegally and the enforcement of immigration laws, including offenses involving aliens who are believed to have re-entered the United States after deportation, without authorization from the Attorney General or Secretary of Homeland Security.

2. This Affidavit is being presented in support of an Arrest Warrant for the arrest of Vitaliano GARCIA-Navarette (A98 809 185), alleging that he has violated Title 8, United States Code, Section 1326(a), Re-entry of a Removed Alien, which provides in pertinent part:

> (a) In general
>
> Subject to subsection (b) of this section, any alien who

>    (1) has been denied admission, excluded, deported or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
>    (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
>
>    shall be fined under Title 18, or imprisoned not more than 2 years, or both.

3. I am aware of the facts of this investigation through my own personal involvement in said investigation, as well as from my communications with other law enforcement agents and officers who have also been involved in this investigation.

4. On February 19, 2007, Trooper M. Gladysz, of the Pennsylvania State Police, Mercer Barracks, encountered four subjects on Interstate 80 near Mercer, Pennsylvania after conducting a traffic stop on a 2003 GMC Pickup, bearing Oklahoma license plate 631-ECZ. Trooper Gladysz conducted the traffic stop

on the vehicle for speeding and following too closely to another vehicle.

5. Upon approaching the vehicle, Trooper Gladysz observed dark window tint on the cap over the rear of the truck. Trooper Gladysz asked the driver for his driver's license, registration and insurance. The driver gave Trooper Gladysz a non-driver identification card, a registration card for an individual not present in the vehicle and an expired insurance card. For safety purposes, Trooper Gladysz asked the driver to open the rear of the truck. Trooper Gladysz observed several blankets and a large amount of food crumbs on the floor, indicating that people had recently been traveling in the rear of the vehicle. Based on Trooper Gladysz' training and past experience, this was an indication of possible alien smuggling.

6. Trooper Gladysz asked the driver, Jaime CHAVEZ-Chavez, if the passengers had identification, as they did not appear to understand him or speak English. Only Maria MOTA-Bautista had identification, which was a Mexican identification card. Javier GARCIA-Diego, a/k/a Vitaliano GARCIA-Navarette, and Javier SANCHEZ-Jimenez did not possess identification. When asked if any of the individuals possessed any immigration documents, CHAVEZ-Chavez said they had all left their identification at home. Trooper Gladysz asked CHAVEZ-Chavez to follow him to the

3

Pennsylvania State Police Barracks in Mercer, Pennsylvania in order to conduct computer Immigration Alien Queries (IAQ).

7. The Immigration Alien Queries (IAQ) returned to the subjects likely being in the United States illegally. Trooper Gladysz contacted ICE Senior Special Agent (SSA) James Kunkle for assistance with the suspected illegal aliens. SSA Kunkle briefly interviewed the subjects via telephone and established alienage and deportability, and placed (form) I-247 Immigration Detainers on the subjects, to be held overnight in the Lawrence County, Pennsylvania Prison.

8. On February 20, 2007, at the ICE Pittsburgh Office, all four subjects were interviewed and processed administratively for immigration violations. A computerized IAFIS fingerprint search returned that Javier GARCIA-Diego had previously been apprehended by Immigration Officers on seven separate occasions and had been returned to Mexico. In each of those encounters, Javier GARCIA-Diego had given Immigration Officers the name Vitaliano GARCIA-Navarette. On one of those occasions on February 7, 2007, the U.S. Border Patrol performed an Expedited Removal on GARCIA-Navarette from Sonoita, Arizona.

9. Upon interviewing GARCIA-Navarette, I determined that he could not speak English, and spoke Spanish. GARCIA-Navarette was given Miranda Warnings in the Spanish language, as

4

evidenced by the ICE Notification of Rights form. GARCIA-Navarette said he understood his rights, signed the form, and agreed to answer questions without the presence of an attorney. A sworn statement was taken from GARCIA-Navarette. GARCIA-Navarette was shown fingerprint matches, which contained his photograph. GARCIA-Navarette admitted that he used a false name on February 19, 2007 when speaking with Trooper Gladysz and SSA Kunkle, and that his true and correct name was Vitaliano GARCIA-Navarette.

10. In his sworn statement, GARCIA-Navarette admitted to being caught by the U.S. Border Patrol on February 7, 2007 near Sonoita, Arizona and removed to Mexico. GARCIA-Navarette admitted that he was warned not to enter the United States for a period of 20 years, without the permission of the Secretary of Homeland Security. GARCIA-Navarette said that he was returned to Mexico. GARCIA-Navarette admitted that he again entered the United States illegally on February 8, 2007. GARCIA-Navarette admitted that he has never applied to the Secretary of Homeland Security for permission to re-enter the United States.

11. I have reviewed the records checks and documents from Alien Registration File A98 809 185, with respect to the defendant GARCIA-Navarette. GARCIA-Navarette was originally Ordered Removed (Expedited Removal) from the United States in Sonoita, Arizona on February 7, 2007, and was physically removed

5

from the United States. The Alien Registration File for GARCIA-Navarette contains no indication that any permission was granted by the Attorney General or Secretary of Homeland Security for GARCIA-Navarette to re-enter the United States.

12. GARCIA-Navarette entered the United States again. On February 19, 2007, GARCIA-Navarette was encountered in the Western District of Pennsylvania and taken into custody by Agents of Immigration and Customs Enforcement on the following day.

13. Records checks and computer fingerprint identification (IAFIS) matches indicated that GARCIA-Navarette has been encountered by Immigration Authorities on seven occasions.

14. Under an Immigration Detainer I-247, subject was placed in the Allegheny County Jail while further records checks were conducted. GARCIA-Navarette was served a Notice of Intent/Decision to Reinstate a Prior Order of Removal, Service Form I-871, as well.

15. Based upon the foregoing, I submit that there is Probable Cause to believe that Vitaliano GARCIA-Navarette is an alien who was Removed from the United States on or about February 7, 2007, and thereafter was found in the United States on February 19, 2007, in Mercer County, Pennsylvania, Western District of Pennsylvania, having not obtained the consent of the Attorney General or Secretary of Homeland Security of the United States for

6

reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

The above information is true and correct to the best of my knowledge, information and belief.

_____
MARTIN RYAN
Special Agent
United States Immigration and Customs Enforcement

Sworn and subscribed to before me this 26th day of February 2007.

_____
UNITED STATES MAGISTRATE JUDGE

7